# APPENDIX.

## NOTES ON CASES NOT OTHERWISE REPORTED.

THE STATE, FOR THE USE OF THE SCHOOL FUND, V. LEWIS *et al.*

*Appeal from Delaware District Court— Wednesday, January 27.*

### EVIDENCE — OBJECTIONS TO.

THE appellant, Lucien D. Lewis, with others, was, on the 5th of June, 1868, brought before S. L. Doggett, a justice of the peace of Delaware county, on a charge of assault with intent to inflict a great bodily injury. They procured a continuance, and each entered into a recognizance of $100 to appear for examination on the 25th day of June. On the day thus set for hearing all of the accused parties appeared except Lewis, who failed to appear, and the justice thereupon entered a forfeiture of his recognizance. In October, 1868, this action was commenced upon the forfeiture thus entered against Lewis and his sureties.

The defendants filed a joint answer denying generally each allegation of the petition. On the trial of the cause before the court without a jury, the record shows that " the plaintiff introduced the bond sued on, and defendants admitted due filing of information before the justice, and appearance by defendant, Lucien D. Lewis, before him, and that an examination was had before said justice. Defendants objected to the transcript of the justice on the ground that it failed to show that said defendant Lewis was called before his recognizance was declared forfeited, and said objection overruled by the court, to which ruling defendants excepted." The record further shows that the court proceeded to render final judgment for plaintiff against Lewis and his sureties. No other or further exception or objection was made than as above stated. Defendants appeal.

*Blair & Bronson* for the appellants — *Henry O'Connor,* Attorney-General, for the State.

MILLER, J.—But a single question is presented by the record in this case, viz.: Was the transcript of the justice admissible in evidence on the trial of this cause before the district court?

The objection of appellants was general. They did not specify whether they objected to the admissibility of the transcript or to its sufficiency to warrant a recovery against them. The ground of objection was, that the transcript did not show that Lewis had been called before his undertaking was forfeited. This objection did not affect the admissibility of the transcript in evidence. It was properly admitted in evidence, even if such defect did exist. The objection might have been good if it had been urged against its sufficiency to entitle the State to a judgment, but it was not so urged, nor was there any exception taken to the finding of the court in favor of the State.

The judgment of the district court is, therefore,

Affirmed.